1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE RHODES,

11              Petitioner,                    No. CIV S-10-1444 GGH P

12        vs.

13
     MIKE McDONALD,[1] Warden,
14
                Respondent.                    ORDER
15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma

18   pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).

19   Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of

20   _____

21        [1] "A petitioner for habeas corpus relief must name the state officer having custody of him
     or her as the respondent to the petition.  This person typically is the warden of the facility in which
22   the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)."
     Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C.
23   foll. § 2254).  Failure to name the petitioner's custodian as a respondent deprives federal courts of
     personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  In the instant action,
24   petitioner has improperly named the Sacramento Police Department as respondent.  Petitioner,
     currently incarcerated at High Desert State Prison (HDSP), is cautioned  in future to name the proper
25   respondent, in this instance the warden of HDSP, Mike McDonald.  The Clerk of the Court will be
     directed to modify the name of the respondent herein.
26

                                              1

1    a request to proceed in forma pauperis or submit the appropriate filing fee.

2              The petition must be dismissed for several reasons.  Petitioner indicates that he is

3    proceeding in a separate action under 42 U.S.C. § 1983 in Case No. 08-834 RHW P, of which

4    this court takes judicial notice,[2] based on claims apparently related to those raised herein.

5    Nevertheless, he inappropriately seeks money damages as part of the relief within this purported

6    petition pursuant to 28 U.S.C. § 2254.  Muhammad v. Close, 540 U.S.749, 750-751, 124 S.Ct.

7    1303, 1304 (2004) (per curiam) (damages is a form of relief unavailable by way of a habeas

8    petition).   Petitioner also fails to identify himself as petitioner in this action, instead calling

9    himself "plaintiff" and referring to the respondent as a "defendant"; further, he fails to set forth

10   what conviction and/or sentence he is challenging or when any conviction occurred or sentence

11   was imposed.   Moreover, petitioner also makes no reference to whether or not any of his claims

12   have been exhausted.

13             The exhaustion of state court remedies is a prerequisite to the granting of a

14   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

15   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion,

16   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

17   providing the highest state court with a full and fair opportunity to consider all claims before

18   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

19   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

20             The petition will be dismissed but petitioner is granted leave to remedy the defects

21   identified herein by filing an amended petition within twenty-eight days.

22   \\\\\

23

24         [2]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D.
     626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).
25

26         [3]   A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to substitute High Desert State Prison Warden Mike McDonald in place of the Sacramento Police Department as the respondent in the docket of this case;

2.  Petitioner shall submit, within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

3.  The petition is dismissed but petitioner is granted leave, within twenty-eight days, to file an amended petition;

4.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form and a copy of the form for filing a petition under 28 U.S.C. § 2254 used in this district; and

5.  Petitioner's failure to comply with this order will result in the dismissal of this action.

DATED: June 21, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/kly
rhod1444.ord