IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

        Petitioner,                  No. CIV S-10-1444 GGH P

   vs.

MIKE McDONALD, Warden,

        Respondent.            <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding on petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the undersigned's jurisdiction. Pending before this court is petitioner's September 20, 2010 "Motion for Federal Protective Custody." For the reasons explained below, petitioner's motion is denied.

        Petitioner is a prisoner at High Desert State Prison in Susanville. He states that he has received death threats and been attacked three times, twice by inmates and once by correctional officers, and that he fears for his safety and security. Petitioner suggests that these attacks are retaliatory in nature, the result of petitioner's conflict with a particular group ("known as the Nicolaitans") comprised of both inmates and prison staff. He also asserts that he has been "denied the right to appeal being battered by a corrections officer[.]" Petitioner requests an order

\\\\\

placing him in federal protective custody until the instant action is resolved.[1]  Pursuant to this court's standard practice, the motion is construed as one seeking preliminary injunctive relief.

DISCUSSION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830 (1981).

This action is proceeding pursuant to the court's habeas jurisdiction under 28 U.S.C. § 2254.  In it, petitioner challenges his conviction based on various alleged evidentiary and discovery errors.  Because an order temporarily placing petitioner in federal custody would not remedy the claims upon which this action proceeds, the court may not issue the order sought by petitioner.  See De Beers Consolidated Mines v. United States, 325 U.S. 212, 65 S.Ct. 1130 (1945).  Also, the undersigned is unwilling to backdoor the requirements of the PLRA which mandate administrative exhaustion of difficulties encountered in prison before those difficulties may be resolved in a court action.

Moreover, even if the undersigned were to consider the matter under the jurisdiction preservation aspect of the All Writs Act, 28 U.S.C. § 1651, petitioner has offered no evidence demonstrating a fair chance of success on the merits of his complaint.  Conclusions in a letter are not enough.  While the court does not discount petitioner's concerns for his safety, it cannot issue a preliminary injunction or writ under these circumstances.

\\\\\

\\\\\

\\\\\

---

[1] Actually, petitioner referenced civil action 08-834 RHW, and action which was dismissed and judgment entered on September 27, 2010.  The undersigned will interpret petitioner's request in this action to refer to this action.

2

## CONCLUSION

Accordingly, it is HEREBY ORDERED that petitioner's Motion for Federal Protective Custody filed on September 20, 2010 (Doc. No. 13) is DENIED.

DATED: September 30, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:0014
rhod1444.cust