IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

     Petitioner,               No. CIV S-10-1444 GGH P

   vs.

MIKE McDONALD, Warden,

     Respondent.        ORDER
_____/

Petitioner is a state prisoner proceeding on petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to the undersigned's jurisdiction.  On October 4, 2010, respondent filed a motion to dismiss the petition for failure to exhaust state remedies.  On October 14, 2010, petitioner filed an opposition to the motion to dismiss, or traverse.  Pending are motions by petitioner to schedule an evidentiary hearing and oral argument on the motion to dismiss (Docs. ## 19, 20) and a motion to indict the prosecutor and defense attorney involved in petitioner's trial-level proceedings on charges of conspiracy as alleged by petitioner.  (Doc. # 21.)  For the reasons set forth below, the undersigned will deny all three motions.

The Supreme Court has recently opined on the standards for granting an evidentiary hearing in Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 1939-1940 (2007),

1

1    reversing Landrigan v. Schriro, 441 F.3d 638, 650 (9th Cir.2006) (en banc).  Schriro first

2    described the familiar test for granting an evidentiary hearing: that if the factual allegations were

3    to be proved, petitioner would be entitled to relief.  See Alberni v. McDaniel, 458 F.3d 860, 873

4    (9th Cir. 2006).  However, in determining whether relief could be granted, the federal court must

5    apply the AEDPA deferential standards to legal and factual questions necessarily reached by the

6    state courts which might obviate the need for an evidentiary hearing.  Schriro, 127 S.Ct. at

7    1939-40.  Generally phrased allegations, or the failure to submit a proffer of available, specific

8    proof will not clearly and convincingly rebut the record.

9          If a petitioner "failed to develop the factual basis for a claim" in state court, the

10    federal court "shall not hold an evidentiary hearing on the claim" unless the petitioner can show

11    that one of two narrow exceptions is applicable.  28 U.S.C. § 2254(e)(2).  Whether a petitioner

12    failed to develop a claim in state court turns on whether the petitioner exhibited a lack of

13    diligence or some greater fault in state court.  Williams v. Taylor, 529 U.S. 420, 421, 120 S.Ct.

14    1479 (2000).  Ordinary diligence requires that petitioner seek an evidentiary hearing in state court

15    in the manner prescribed by state law.  Id. at 437.

16          Here, petitioner seeks an evidentiary hearing on respondent's motion to dismiss.

17    Respondent seeks dismissal on the ground of failure to exhaust state remedies.  Specifically,

18    respondent contends that, although petitioner filed two petitions with the California Supreme

19    Court, neither petition served to exhaust petitioner's instant claims pursuant to 28 U.S.C. §

20    2254(b).  (Motion to Dismiss (Doc. #15, hereinafter MTD) at 2-4.)  Respondent argues that

21    petitioner's first alleged ground for habeas relief, conviction due to the concealment of

22    exculpatory evidence, is unexhausted due to the fact that the state supreme court found that

23    petitioner failed to present this claim with sufficient particularity so as to satisfy the exhaustion

24    requirement.  (Id. at 2-3.)  Respondent asserts that petitioner's second ground, denial of effective

25    assistance of counsel (first, because the trial court denied petitioner's Marsden motion; and

26    second, because trial counsel failed to call certain witnesses) is also unexhausted because

1  petitioner failed to raise the first factual basis in the state supreme court, and raised the second

2  factual basis with insufficient particularity to exhaust the claim.  (Id. at 3.)  Respondent argues

3  petitioner's third and fourth grounds for relief are unexhausted because petitioner never

4  presented them to the California Supreme Court.  (Id. at 3-4.)

5          In support of these arguments, respondent does not cite any "evidence" other than

6  the record of state-level proceedings lodged in the instant case.  (Id. at 2-4, citing Lod. Docs. 3-

7  6.)  No other evidence is relevant to respondent's motion, which does not reach the merits of

8  petitioner's claims.  Meanwhile, petitioner seeks an evidentiary hearing on various unrelated

9  subjects, such as "the adoption of petitioner's civil action due to clerical error"; "reinstatement of

10 petitioner's right to purchase a firearm due to various death threats"; "federal indictments of the

11 opposition addressed in petitioner's civil action"; and alleged violations of federal conspiracy

12 law by a diverse set of players including the Sacramento Police Department and three major

13 entertainment corporations.  (Doc. #20 at 2.)  As a hearing on such matters would not serve to

14 prove any factual allegations relevant to the motion to dismiss, the undersigned will deny

15 petitioner's motion for an evidentiary hearing and his motion to schedule same.  (Docs. #19-20.)

16         The undersigned will also deny petitioner's request to issue federal indictments

17 against attorneys involved in petitioner's trial and conviction, as this request falls outside the

18 scope of the court's jurisdiction in this case.  See City of Los Angeles v. Lyons, 461 U.S. 95,

19 101, 103 S.Ct. 1660, 1665 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal

20 courts must satisfy the threshold requirement imposed by Article III of the Constitution by

21 alleging an actual case or controversy.")

22 /////

23 /////

24 /////

25 /////

26 /////

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion to place matter on calendar (Doc. #19) is DENIED;

2. Petitioner's motion for evidentiary hearing and oral argument (Doc. #20) is DENIED; and

3. Petitioner's motion for federal indictments (Doc. #21) is DENIED.

DATED: October 27, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:0014
rhod1444.evid

4