IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

      Petitioner,                        No. CIV S-10-1444 GGH P

   vs.

MIKE McDONALD, Warden,

      Respondent.                  ORDER

        Petitioner is a state prisoner proceeding on petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the amended petition filed July 8, 2010. Pending before this court is respondent's October 4, 2010 motion to dismiss the petition on the ground that it contains only unexhausted claims. Both parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). After carefully reviewing the record and the applicable law, the undersigned will order that the motion be granted and the amended petition dismissed for failure to exhaust state remedies.

## BACKGROUND

        A jury found petitioner guilty of assault with a firearm and found true the personal use of a firearm enhancement. (Cal. Penal Code §§ 245(a)(2), 12055.5(A)). In May 2008, the trial court sentenced petitioner to five years in prison. (Lod. Docs. 1, 2.)

1

On November 14, 2008, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Lod. Doc. 5.) In it, he alleged the following claims: (1) the state failed to disclose favorable evidence consisting of a 911 dispatch call, which when disclosed "wasn't all there"; and (2) trial counsel rendered ineffective assistance by failing to conduct a reasonable pretrial investigation or call witnesses on petitioner's behalf. (Id. at 3, 4.) The California Supreme Court summarily denied the petition on May 13, 2009, citing In re Swain, 34 Cal. 2d 300, 304 (1949). (Lod. Doc. 6.)

On July 24, 2009, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lod. Doc. 2.) On August 18, 2009, petitioner filed a petition for review of the court of appeal's decision in the California Supreme Court. (Lod. Doc. 3.) Petitioner made the following claims: (1) the court of appeal should have reversed his assault conviction because the jury was allowed to base its guilty verdict on an unlawful theory of culpability; and (2) the trial court's error pursuant to Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229 (1965) went beyond "brief and mild references" to petitioner's refusal to testify and was prejudicial. (Id. at 4, 15.) The California Supreme Court denied review on September 30, 2009. (Lod. Doc. 4.)

On June 11, 2010, petitioner commenced this action. (Doc. #1.) On July 8, 2010, petitioner filed the operative amended petition. (Doc. #6, hereinafter "Ptn.") The petition alleges due process and ineffective assistance claims pertaining to petitioner's 2008 trial and conviction. Respondent filed a motion to dismiss on October 4, 2010. (Doc. #15, hereinafter "MTD.") Petitioner filed an opposition to the motion on October 14, 2010. (Doc. #18, hereinafter "Opp.").

ANALYSIS

I. Exhaustion - Legal Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it

\\\\

must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were before the state courts, Picard, at 277, 92 S.Ct., at 513, or that a somewhat similar state-law claim was made. See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995). The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514. See also, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 1204 (1982).

Petitioner has the burden of proving exhaustion of state court remedies and in California a petitioner must present his claims to the California Supreme Court. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

II. Discussion

Petitioner asserts the following claims in the amended petition: (1) conviction obtained by the unconstitutional failure to disclose favorable evidence by concealing evidence of a 911 call and altering a 911 call; (2) denial of effective assistance of counsel because (a) the court denied petitioner's motion to substitute counsel pursuant to People v. Marsden, 2 Cal. 3d 118 (1970) even though the prosecutor and trial counsel are brother and sister, and (b) trial counsel failed to call witnesses at trial; (3) conspiracy by the prosecutor, trial counsel and police officers to deprive petitioner of his liberty without due process of law; and (4) the prosecutor and police knowingly altered evidence in violation of California law. (Ptn. at 5-6.)

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Respondent asserts that claims 2(a), 3 and 4 were never presented to the California Supreme Court, as they were alleged neither in his November 2008 petition for habeas review nor his August 2009 petition for direct review of the court of appeal's decision. As to claims 1 and 2(b), respondent acknowledges that these were presented in petitioner's habeas petition to the California Supreme Court. However, he argues,

> the California Supreme Court denied the petition by citing to In re Swain, 34 Cal. 2d 300, 304 (1949). In Swain, the California Supreme Court held that the petition before it was deficient in that petitioner failed to present the claims with sufficient particularity. In that situation, as with the case at bar, the claims are found to be unexhausted because a state remedy is still available as the deficiency can be remedied and exhaustion achieved by petitioner bringing the claims once more before the California Supreme Court, but in a manner which states the facts with sufficient particularity. [Citations omitted.]

(MTD at 3.)

In opposition to the motion, petitioner asserts that, in an earlier case filed in the Eastern District of California, Rhodes v. Sacramento Police Department et al., No. CV-08-0834 RHW, he filed two "seals" confirming exhaustion of the instant claims. He asks the undersigned to take judicial notice of this case and "confirm receipt" of the seals, thereby "acknowledging . . . [that] petitioner has exhausted his federal claims in the highest state court." (Opp. at 1-2.) This earlier case (hereinafter "Rhodes I") was a civil rights action in which petitioner alleged that the Sacramento Police Department concealed exculpatory evidence in order to wrongfully obtain a conviction. On September 27, 2010, judgment was entered dismissing the action. (Rhodes I, Doc. #44.) Prior to dismissal, petitioner filed papers styled as a "Memorandum and Notice of exhausting state remedies" (Id., Doc. #29) and a "Memorandum with Exhibits A and B as proof of exhaustion of state remedies." (Id., Doc. #31.) Each filing included various papers from petitioner's proceedings in the state courts of appeal. However, all such relevant papers (e.g., the California Supreme Court's September 30, 2009 denial of petitioner's petition for review) have been lodged by respondent and are part of the record in the instant action. Petitioner's notion

4

that the filing of these documents in an earlier case proves exhaustion for federal habeas purposes is simply misguided. The legal standard for showing exhaustion of state remedies is set forth above.

The court now considers whether petitioner has met his burden to show exhaustion as to each of the four claims.

Claim 1

Claim 1 alleges that petitioner's conviction was obtained by the unconstitutional failure to disclose favorable evidence by concealing evidence of a 911 call and altering a 911 call. Respondent concedes that petitioner raised claim 1 in its entirety in his November 2008 habeas petition to the California Supreme Court. (MTD at 2; see Lod. Doc. 5 at 3.)

The issue is whether the California Supreme Court's summary denial of this claim, citing In re Swain, supra, renders the claim unexhausted for federal habeas purposes. (Lod. Doc. 6.) In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain. It found that the Swain citation indicated that the claims were unexhausted because their pleading's defects, i.e. lack of particularity, could be cured in a renewed petition. 799 F.3d at 1319. However, the Ninth Circuit also stated that it was "incumbent" on the court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320. "The mere citation of In re Swain does not preclude such review." Id. The Ninth Circuit instructed that, if a court on federal habeas review finds that petitioner did allege his claim with particularity, "then the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are defective" and the claim is exhausted.[2] Id.

---

[2] Medley v. Runnels, 506 F.3d 857, 869 (9th Cir. 2007), cited by respondent, does not hold otherwise. Rather, the opinion of J. Ikuta cited by respondent dissents from the majority in concluding that petitioner failed to exhaust his due process claim in state court. See id. at 863 (holding that petitioner "asserted his constitutional claim in state habeas proceedings, and his

5

1          Pursuant to Kim v. Villalobos, the court has reviewed petitioner's habeas petition
2  filed in the California Supreme Court as to claim 1. There, petitioner alleged that "the state
3  failed to disclose" favorable evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194
4  (1963). He alleged that he requested a 911 recording in discovery, but when it was produced, a
5  portion of it was missing. When the prosecutor submitted a longer tape, petitioner asked for a
6  record of the call's duration. "The prosecution [came] back with a letter stating 'the police
7  moved the call center.'" Petitioner alleged that "the call duration proves" that the police
8  department and prosecutor conspired to "erase evidence." (Lod. Doc. 5 at 3.) The undersigned
9  concludes that the California Supreme Court dismissed claim 1 due to lack of particularity, a
10 defect petitioner could have cured in a renewed petition. Thus, respondent's motion should be
11 granted as to claim 1.

Claim 2

          Claim 2 alleges that petitioner was denied effective assistance of counsel because (a) the court denied petitioner's motion to substitute counsel pursuant to People v. Marsden, 2 Cal. 3d 118 (1970) even though the prosecutor and trial counsel are brother and sister, and (b) trial counsel failed to call witnesses at trial. As respondent observes, petitioner did not raise claim 2(a) in either of his two briefings to the California Supreme Court. Thus, respondent's motion should be granted as to sub-claim 2(a).

          Respondent acknowledges that claim 2(b) was presented to the California Supreme Court in petitioner's state habeas petition. However, respondent urges as before that the Supreme Court's denial of the petition citing In re Swain renders this claim unexhausted. (MTD at 2-3.)

          The undersigned has reviewed petitioner's presentation of claim 2(b) to the California Supreme Court as instructed in Kim v. Villalobos, supra. Pursuant to Strickland v.

---

collateral challenge is sufficient to constitute exhaustion.").

Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), petitioner alleged that his "trial counsel was ineffective inasmuch as he called not one witness on behalf of his client." (Lod. Doc. 5 at 4.) Petitioner set forth this claim in a few sentences and provided no factual detail such as what witnesses trial counsel might have called, or how trial counsel's failure to call such witnesses served to prejudice petitioner. Given these bare allegations, the undersigned concludes that the California Supreme Court dismissed claim 2(b) due to lack of particularity, a defect petitioner could have cured in a renewed petition. Thus, respondent's motion should be granted as to sub-claim 2(b).

Claims 3 and 4

Claim 3 alleges that the prosecutor, trial counsel and police officers conspired to deprive petitioner of his liberty without due process of law in violation of Title 18 U.S.C. section 241 (setting forth the federal crime of conspiracy against rights). In the amended petition, petitioner acknowledged that he had not previously presented this claim in any other court because "[i]t has just recently come to the petitioner's attention that the D.A. and Public Defender are related." (Ptn. at 6.)

Claim 4 alleges that the prosecutor and police knowingly altered evidence in violation of California law. Petitioner does not provide any details as to what evidence was altered or in what way. The court notes that, to the extent that claim 4 is based on the alleged alteration of a 911 call, it is duplicative of claim 1.

As respondent observes, petitioner did not raise claim 3 or claim 4 in either of his briefings to the California Supreme Court. Thus, respondent's motion will be granted as to these claims.

CONCLUSION

Accordingly, there being no claims properly exhausted, it is HEREBY ORDERED that:

1. The motion to dismiss (Doc. #15) is granted;

2. The amended petition (Doc. #6) is dismissed for failure to exhaust state remedies;

3. Petitioner's March 21, 2011 motion for final judgment (Doc. #30) is denied as moot; and

4. Petitioner's April 15, 2011 motion and request for clarification (Doc. #31) is denied as moot; and

5. The Clerk of Court shall close this action.

DATED: 05/23/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:0014
rhod1444.mtd