IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Petitioner,                      No. CIV S-10-1444 GGH P

   vs.

MIKE MCDONALD, Warden,

    Respondent.                  ORDER

_____/

        On May 24, 2011, this court granted respondent's motion to dismiss this petition for writ of habeas corpus for failure to exhaust state court remedies.[1] On June 3, 2011, petitioner filed a notice of appeal, and on July 14, 2011, this court denied petitioner's application for a certificate of appealability. Petitioner has moved for a certificate of appealability in the Court of Appeals. See Docket No. 11-16573, Docket No. 4. Petitioner now moves this court for reconsideration of the court's May 24, 2011 order (Docket No. 42) and has filed a "Jurisdictional Statement," (Docket No. 43) which reads that the Court of Appeals "has jurisdiction over this matter."

///

---

[1] Both parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

1

1  Federal Rule of Civil Procedure 62.1(a) provides that

2  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

    (1)    defer considering the motion;
    (2)    deny the motion; or
    (3)    state either that it would grant the motion if the court of appeals remands for that purpose or that the motion presents a substantial issue.

Fed. R. Civ. P. 62.1(a).  See also Perry v. Schwarzenegger, — F.Supp.2d —, 2011 WL 2321440 *2 (N.D. Cal. June 14, 2011).  Pursuant to Rule 62.1(a)(2), this court denies the motion to reconsider.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Petitioner's motion for reconsideration does not refer to any Federal Rule as the basis for the relief sought, nor does he identify any new or different facts or circumstances as required by the Local Rule.  Instead, petitioner alleges that "[t]here is no justifiable reason....to dismiss my Writ of Habeas Corpus" and that he "must now question the integrity of this court."

////

////

1  Petitioner's reasons are insufficient to support the relief requested. The motion
2  for reconsideration is denied. See Fed. R. Civ. P. 62.1(a)(2).
3  DATED: October 17, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
rhod1444.850